

**ORDERED in the Southern District of Florida on August 19, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

**In re:**

**EVARISTO HERNANDEZ**
SSN xxx.xx.8162
**PITUKA E. HERNANDEZ**
SSN xxx.xx.5091
            **Debtor(s).**      /

**Case Number:  11-15334-BKC-AJC
Chapter 13**

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION AND
STRIKING DEBTORS' CONDOMINIUM/HOA DUES AS A SECURED DEBT
DEDUCTION ON LINE 47 OF THE CMI FORM**

THIS CAUSE came to be heard before the Court on **July 19, 2011**, upon the Trustee's Memorandum in Support of her Notice of Deficiency (DE 42) and upon the Debtors' Amended Memorandum of Law in Opposition of the Standing Chapter 13 Trustee's Deficiency (DE 47). The Debtors argue that payment of Debtors' homeowners association or condominium dues or fees is payment of a secured debt which the Debtors may deduct on Line 47 of the CMI form, "which merges into Line 25B's as a mortgage/rent expense." To support their position, the Debtors cite section 707(b)(2)(A)(iii), which specifically allows debtors to deduct debts that are

"scheduled as contractually due to secured creditors in each month of the 60 months following the date of the filing of the petition." Debtors contend that such debt is a secured debt because Debtors' mortgage (I) requires that the condominium dues be kept current, and (ii) allows the mortgagee to advance the condominium dues on behalf of the debtor/mortgagor to protect its security interest, and to add those costs to the amount of the mortgage debt, merging condominium dues into the mortgagee's security interest as part of the mortgage obligation.

The Trustee, on the other hand, asserts that the CMI form separates the mortgage component from the balance of the housing expenses, including the homeowners association and/or condominium association dues/fees. The Trustee insists the CMI form permits the homeowners association and condominium fees be listed on CMI line 25A. The Trustee cites IRM 5.15.1.9, to support her position that the Local Standards for housing are listed on CMI lines 25A and 25B :

> Housing and Utilities. Housing expenses include: mortgage (including interest) or rent, property taxes, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees. The utilities include gas, electricity, water, heating oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, telephone and cell phone. Usually, these expenses are considered necessary only for the primary place of residence. Any other housing expenses should be allowed only if, based on a taxpayer's individual facts and circumstances, disallowance will cause the taxpayer economic hardship.

The Trustee adds that a debtor may only claim the Local Standard amount for housing and utilities and the amount of their mortgage unless they can provide evidence that the reasonable and necessary expenses exceed that of the amount allowed for the debtor's household size.

Upon consideration of arguments presented by the parties and their counsel, and review of the relevant Memoranda, the Court does not believe that the obligation to pay homeowners or condominium dues/fees is payment of a secured debt.  The Court agrees with the Trustee that the homeowners association or condominium association dues/fees are part and parcel of the Local Standards for the housing and utilities expenses. If the Debtors can demonstrate that the reasonable and necessary expenses for the maintenance of their property, including payment of the homeowners association or condominium association dues/fees, exceeds the amount permitted on CMI line 25, they may be permitted the additional expense on CMI line 26. Accordingly, it is

**ORDERED AND ADJUDGED** that the Trustee's objection to confirmation is SUSTAINED and Debtors' additional deduction on CMI line 47 for the Homeowners Association or Condominium Dues/Fees is STRICKEN as said deduction is or should be listed/deducted on CMI line 25.

###

Attorney Sady Picart is directed to serve copies of this order on all interested parties and to file a Certificate of Service.